In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00395-CV

_____

IN THE INTEREST OF A.H.

On Appeal from the 1st District Court
Newton County, Texas
Trial Cause No. 13368

ORDER

This is an appeal of a suit for termination of the parent-child relationship. The time requirements of the Rules of Judicial Administration set the date of the final disposition of the appeal for January 27, 2014. *See* Tex. R. Jud. Admin 6.2(a). Jonette C. Jackson is responsible for preparing, certifying, and timely filing the reporter's record. *See* Tex. R. App. P. 35.3(b). On August 28, 2013, the Court granted the court reporter a final extension of time to file the reporter's record. Jonette C. Jackson, failed to file the reporter's record by the final extension date of September 13, 2013. The Clerk of the Court attempted to communicate with the

1

court reporter on November 6, 2013, December 3, 2013, and December 9, 2013, but the court reporter failed to respond. On December 10, 2013, we informed the court reporter that the record must be filed by December 20, 2013, or the matter would be referred for an enforcement order. The court reporter failed to file the record by the due date.

It is, therefore, ORDERED that the appeal is abated and the case is remanded to the trial court for a hearing to determine why the reporter's record has not been filed. *See* Tex. R. App. P. 37.3(a)(1). Jonette C. Jackson shall personally attend the hearing and shall bring to the hearing the stenographic notes or electronic recording of the record. *See* Tex. R. App. P. 34.6(a). The trial court shall determine why the court reporter did not timely file the record and why the court reporter failed to respond to communications from this Court. The trial court shall make such orders as shall be necessary to ensure the reporter's record is promptly filed in light of the urgent nature of this appeal. *See* Tex. R. App. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."). If the court reporter fails to produce a transcription of the reporter's record, the trial court shall determine whether the record has been lost or destroyed, and if not shall determine whether a reporter's record can be prepared by a substitute court reporter. *See* Tex. R. App. P. 34.6(f). A reporter's record shall

2

be made of the hearing and, together with a supplemental clerk's record containing any findings or orders of the trial court, shall be filed with the Court of Appeals by January 22, 2014.

ORDER ENTERED January 2, 2014.

PER CURIAM

Before McKeithen, C.J., Kreger and Johnson, JJ.